IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CATHERINE MORENO RIVERA,

Plaintiff

v.                                           CIVIL 09-1489 (FAB) (JA)

DHL GLOBAL FORWARDING,

Defendant

OPINION AND ORDER

This matter is before me on plaintiff Catherine Moreno Rivera's motion to compel DHL Global Forwarding ("DHL") to respond to interrogatories and request for production of documents. (Docket No. 22.)  Plaintiff alleges that DHL has engaged in evasiveness in its response to document requests, and the inappropriate use of the attorney-client privilege.  (Id. at 4.)  The plaintiff amended her motion on June 24, 2010.  (Docket No. 23.)  In opposing the motion, DHL alleges a different factual synopsis.  According to the defendant, in its response letter, it "expressly stated to plaintiff's counsel that if they had any questions about this matter," plaintiff could contact the defendant.  (Docket No. 27, at 2, ¶ 3.)  The plaintiff allegedly chose not to do so.  (Id.)  Therefore, the defendant moved to strike plaintiff's motion on the basis of inadequate exhaustion of extrajudicial remedies "before requesting the Court's intervention pursuant to Rule 37(a). . . . " (Id. at 3, ¶ 7.)  DHL subsequently filed a motion contesting each

CIVIL 09-1489 (FAB) (JA)                2

request individually on July 19, 2010.  (Docket No. 28.)  There, the defendant argues that plaintiff failed to satisfy her burden under Rule 26(b), requiring a demonstration of the relevance of requested discovery.  (Id. at 4.)  For the following reasons, the plaintiff's motion is GRANTED in part and DENIED in part.

BACKGROUND

Plaintiff Catherine Moreno Rivera brings this action against her former employer DHL Global Forwarding ("DHL"), alleging discriminatory retaliation for testifying in a sexual harassment case in support of another DHL employee. (Docket No. 7, at 1, ¶ 1.1.)  The plaintiff also alleges that DHL subjected her to a hostile work environment.  (Id. at 3, ¶ 4.4.)  Plaintiff seeks remedies under Puerto Rico Law 80, the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964.  (Id. at 1-2.)  DHL filed its answer on October 13, 2009. (Docket No. 9.)  DHL denies that it discriminated or retaliated against plaintiff. (Id. at 6.)  Conversely, DHL argues that the plaintiff's termination resulted from the defendant's interest in conducting its business in an "orderly, efficient and diligent manner."  (Id. at 6-7, ¶ 19.)  The parties filed their "Joint Case Management Memorandum" on January 13, 2010.  (Docket No. 17.)

The plaintiff served her initial discovery requests on February 19, 2010. (Docket Nos. 22-1, 22-2.)  DHL partially responded to these requests on May 10, 2010.  (Docket Nos. 22-3, 22-4.)  Specifically, the defendant refused to answer

CIVIL 09-1489 (FAB) (JA)                    3

interrogatories 5, 6, 7, 9, 10 and 19; it also refused document productions 2, 4, 8, 9, 15, 16, 17, 19 and 20.  (Docket No. 28.)  Plaintiff addressed each of these instances in a letter dated May 17, 2010.  (Docket No. 22-5.)  The defendant responded by letter on May 26, 2010.  (Docket No. 22-6.)  Plaintiff filed the present motion on June 23, 2010.  (Docket No. 22.)

DISCUSSION

Pursuant to the Federal Rule of Civil Procedure 34(a)(1), "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party . . . to inspect [or] copy . . . any designated documents ...." Fed. R. Civ. P. 34(a)(1)(A).  "The party to whom the request is directed must respond in writing within 30 days after being served.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 34(b)(2)(A).  Rule 37(a)(3)(B) allows "[a] party seeking discovery [to] move for an order compelling . . . production . . . .  This motion may be made if ...; a party fails to respond to that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

Under Local Rule 7(b), "[u]nless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, . . . the opposing party shall be deemed to have waived their objection." Local Rules of the U.S. Dist. Court for the Dist. of P.R. Rule 7(b) (2009).

CIVIL 09-1489 (FAB) (JA)                    4

### Motion to Compel

As stated, the plaintiff moves this court to compel responses to the requested interrogatories and the request for production of documents.  (Docket No. 22.)  DHL rejected these requests on a variety of grounds.  Objections fall into three categories, which I will discuss in turn:  (1) "impermissibly overbroad," vague and/or irrelevant; (2) unrelated party; and (3) protected by attorney-client privilege or work-product doctrine.  (Docket No. 28, at 5-12.)  Plaintiff does not address these objections individually or substantively; rather, she cites the discovery maxim that due deference should be given to a plaintiff's discovery requests.  (Docket No. 22, at 10.)

### Discovery Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . "  Fed. R. Civ. P. 26(b)(1).  Prior to the 2000 amendments to the Federal Rules, discovery was open to any *subject matter* of the action.  This evidences a desire to narrow the rules of discovery.  However, the 2000 amendments did add the following:  "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  Fed. R. Civ. P. 26(b)(1).

Thus, the current discovery framework can be considered a two-step system.  Step one is attorney-managed discovery "relevant to any claim or

CIVIL 09-1489 (FAB) (JA)                    5

defense of a party"; step two is a court-managed "discovery that can include information relevant to the subject matter of the action."  8 The Late Charles Alan Wright, et al., Federal Practice and Procedure § 2008 (3d ed.).  Therefore, when a party objects to discovery requests as being impermissibly overbroad, "the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action."  Fed. R. Civ. P. 26 advisory committee's note (2000), subdivision (b)(1).

     The party seeking production of documents containing confidential information must make a showing that its "claim of need and relevance is not frivolous."  In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig., 249 F.R.D. 8, 12 (D. Mass. 2008) (quoting Cusumano v. Microsoft Corp., 162 F.3d 708, 716 (1st Cir. 1998)).  The party objecting to document production must then demonstrate its basis for withholding the information.  Id.  Finally, "the Court must balance 'the movant's need for the information on one pan of the scales and . . . the objector's interest in confidentiality and the potential injury to the free flow of information that disclosure portends on the opposite pan.'"  In re Bextra & Celebrex Mktg. Sales Practices and Prod. Liab. Litig., 249 F.R.D. at 12 (quoting Cusumano v. Microsoft Corp., 162 F.3d at 714 (citing Bruno & Stillman, Inc. v. Globe Newspaper Co., 633 F.2d 583, 597-98 (1st Cir. 1980)).  "The good-cause

CIVIL 09-1489 (FAB) (JA)                    6

standard warranting broader discovery is meant to be flexible." Fed. R. Civ. P. 26 advisory committee's note (2000), subdivision (b)(1).  "[T]he actual scope of discovery should be determined according to the reasonable needs of the action." Id.

"In employment discrimination cases, the discovery allowed is even more broad, '[b]ecause employers rarely leave a paper trial –or "smoking gun"–attesting to a discriminatory intent, [therefore] disparate treatment plaintiffs often must build their cases from pieces of circumstantial evidence.'" Vázquez-Fernández v. Cambridge Coll., Inc., 269 F.R.D. 150, 155 (D.P.R. 2000) (quoting Hollander v. Am. Cyanamid Co., 895 F.2d 80, 85 (2d Cir. 1990)); see also 8 The Late Charles Alan Wright, et al., Federal Practice and Procedure § 2009.2 (3d ed). Often, discovery issues in employment discrimination cases, such as the one before me, focus on similar requests.  "Similar discovery issues can arise with regard to complaints brought by other employees or other complaints of discrimination by this plaintiff, or prior discipline, termination, demotion, or resignation of other employees.  Discovery is frequently sought regarding similarly situated employees." 8 The Late Charles Alan Wright, et al., Federal Practice and Procedure § 2009.2 (footnotes omitted).  Courts have generally found such requests valid, so long as the breadth and scope are reasonably related to the party alleging discrimination.  See, e.g., Chamberlain v. Farmington Sav. Bank,

CIVIL 09-1489 (FAB) (JA)                    7

247 F.R.D. 288, 291 (D. Conn. 2007) (information about discipline, termination

or resignation of other management level employees during the preceding five

years before plaintiff's termination was discoverable); Mitchell v. Fishbein, 227

F.R.D. 239, 249 (S.D.N.Y. 2005) (although "evidence establishing a general

pattern of discriminatory treatment by an employer 'will not be determinative of

the discrimination issue, it is nevertheless relevant and therefore discoverable'");

Glenn v. Williams, 209 F.R.D. 279, 282 (D.D.C. 2002) (limiting discovery in Title

VII cases to employment units, departments, and section similarly situated to

plaintiff, and reducing requested production of ten years down to three years).

I now turn to the respective objections.

Defendant's Objections to Plaintiff's Interrogatories

        "[W]hen an objection arises as to the relevance of discovery, 'the court

[will] become involved to determine whether the discovery is relevant to the

claims or defenses and, if not, whether good cause exists for authorizing it, so

long as it is relevant to the subject matter of the action.'" Sánchez-Medina v.

Unicco Serv. Co., 265 F.R.D. 29, 37 (D.P.R.2010) (quoting In re Subpoena to

Witzel, 531 F.3d 113, 118 (1st Cir. 2008)).  This court has explained the standard

for discovery requests of interrogatories and document production:

> Under Rules 33 and 34, interrogatories and requests for
> production of documents are directed to the parties and
> must be answered by the parties to whom they are

CIVIL 09-1489 (FAB) (JA)                    8

>directed.  Fed. R. Civ. P. 33(b)(1)(A) & Fed. R. Civ. P.
>34(b)(2)(A). Rule 33(b) requires that each interrogatory
>must be answered, separately and fully, in writing under
>oath and "the person who makes the answer, must sign
>them and the attorney who objects must sign any
>objections." Fed. R. Civ. P. 33(b)(3) and (5).  Rule 34(b)
>requires the party to respond in writing and "[f]or each
>item or category, the response must either state that
>inspection and related activities will be permitted as
>requested or state an objection to the request, including
>the reasons." Fed. R. Civ. P. 34(b)(2)(A) and (B).

Vázquez-Fernández v. Cambridge Coll., Inc., 269 F.R.D. at 154.

Any objections made to interrogatories must be stated with specificity.  Fed. R. Civ. P. 33(b)(4).  "The burden lies on the objecting party to show that an interrogatory is improper."  8B The Late Charles Alan Wright, et al., Federal Practice and Procedure  § 2173 (3d ed).  A party may not state bald and generic reasons for its objections; specificity is required.  See Schaap v. Executive Indus., Inc., 130 F.R.D. 384, 386 (N.D. Ill. 1990) (party objecting to discovery request is required to specifically detail the reasons why each interrogatory is irrelevant); Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296 (E.D. Pa. 1980) (defendant cannot simply intone the familiar overly broad, burdensome, oppressive and irrelevant litany).

Interrogatories

The defendants object to interrogatories 5, 6, 7, 9, 10 and 19.  They read as follows:

CIVIL 09-1489 (FAB) (JA)                    9

Interrogatory No. 5:

> Identify any and all persons employed by Defendant at its San Juan Station, during the period of 2003, to the present.

(Docket No. 22-1, at 5.)

Answer:

> DHL objects to this Interrogatory inasmuch as the information sought is wholly irrelevant to the claims or defenses raised in the present complaint and is also impermissibly overbroad.

(Docket No. 22, at 2.)

Defendant's Supplemental Response:

> Because the plaintiff presents allegations of disparate treatment and, allegedly, not disparate impact, the composition of DHL's workforce is irrelevant.

(Docket No. 28, at 5.)

Interrogatory No. 6:

> For each employee identified in question five, please indicate the date of hire (and termination if no longer with the company) and if such employee had a complaint, grievance or claim against you.

(Docket No. 22-1, at 5.)

Answer:

> DHL objects to this Interrogatory inasmuch as the information sought is wholly irrelevant to the claims or

CIVIL 09-1489 (FAB) (JA)                    10

               defenses raised in the present complaint and is also impermissibly overbroad.

(Docket No. 22, at 2.)

Defendant's Supplemental Response:

               Because the plaintiff presents allegations of disparate treatment and, allegedly, not disparate impact, the composition of DHL's workforce is irrelevant.

(Docket No. 28, at 5.)

Interrogatory No. 7:

               Identify any and all persons who at any time were supervised by Arquímides Torrado throughout his tenure with you.

(Docket No. 22-1, at 5.)

Answer:

               DHL objects to this Interrogatory inasmuch as it is vague and impermissibly overbroad.

(Docket No. 22, at 2.)

Defendant's Supplemental Response:

               Because Torrado has been with DHL for well over ten years, the request is potentially unlimited in scope.

(Docket No. 28, at 5-6.)

Interrogatory No. 9:

               Identify any and all persons (other than Plaintiff) who, from January 1, 2000, to the present, have filed lawsuits,

CIVIL 09-1489 (FAB) (JA)                    11

> complaints, administrative charges, or claims of sexual harassment, sex discrimination and/or retaliation against you.

(Docket No. 22-1, at 6.)

Answer:

> DHL objects to this Interrogatory inasmuch as the information sought is wholly irrelevant to the claims or defenses raised in the present complaint, vague, and impermissibly overbroad.

(Docket No. 22, at 3.)

Defendant's Supplemental Response:

> Other employees who might have filed charges or complaints in the past, are completely irrelevant to plaintiff's allegations of discrimination and retaliation in the instant case.

(Docket No. 28, at 6.)

Interrogatory No. 10:

> Identify any and all persons (other than Plaintiff) who, at any time, have filed lawsuits, complaints, administrative charges, or claims of sexual harassment, sex discrimination and/or retaliation against Torrado throughout his tenure with you.

(Docket No. 22-1, at 6.)

Answer:

> DHL objects to this Interrogatory inasmuch as the information sought is wholly irrelevant to the claims or defenses raised in the present complaint, vague and impermissibly overbroad.

(Docket No. 22, at 3.)

CIVIL 09-1489 (FAB) (JA)                12

Defendant's Supplemental Response:

> Other employees who might have filed charges or complaints in the past, are completely irrelevant to plaintiff's allegations of discrimination and retaliation in the instant case.

(Docket No. 28, at 6.)

Interrogatory No. 19:

> Identify all new hires in your Puerto Rico offices, since 2007 through January 31, 2009, stating for each person indentified [sic] the following:
>
> a. position title
> b. salary
> c. exempt/non-exempt
> d. major function

(Docket No. 22-1, at 7.)

Answer:

> DHL objects to this Interrogatory inasmuch as the information sought is wholly irrelevant to the claims or defenses raised in the present complaint.

(Docket No. 22, at 3.)

Defendant's Supplemental Response:

> Because the plaintiff's duties were distributed amongst several employees, and not assumed by an individual employee, the information sought regarding new employees are also wholly irrelevant.

(Docket No. 28, at 8.)

CIVIL 09-1489 (FAB) (JA)                    13

As is evident, the defendant's objections to the above interrogatories are vague and impermissibly overbroad.  No specifics are given, nor are any valid objections to the interrogatories proffered.  Thus, the defendant fails his portion of the burden-shifting formula.  This does not automatically entitle plaintiff to his answers, however.  Any objections, even bald and generic ones like defendant presented, still activate part one of the analysis, requiring some evidence that the requests are not frivolous.  I turn to each interrogatory in reverse order.

Interrogatory No. 19

Identify all new hires in your Puerto Rico offices, since 2007 through January 31, 2009, stating for each person indentified [sic] the following:

a. position title
b. salary
c. exempt/non-exempt
d. major function

I find this request reasonable, both geographically and temporally.  The plaintiff has genuine need to determine whether any new hires were, in essence, replacing her.  The time-frame requested is also reasonable, as plaintiff's alleged problems began when she testified in another trial in or around March 2007.  Therefore, the plaintiff's request to compel answer to interrogatory No. 19 is GRANTED.

CIVIL 09-1489 (FAB) (JA)                14

Interrogatory No. 10

> Identify any and all persons (other than Plaintiff) who, at any time, have filed lawsuits, complaints, administrative charges, or claims of sexual harassment, sex discrimination and/or retaliation against Torrado throughout his tenure with you.

"In order to avoid overly broad and unduly burdensome requests, discovery may be limited both geographically and temporally." Aponte-Navedo v. Nalco Chem. Co., 268 F.R.D. 31, 37 (D.P.R. 2010) (citing Briddell v. Saint Gobain Abrasives Inc., 233 F.R.D. 57, 60 (D. Mass. 2005)).  Plaintiff gives no reason that it needs Torrado's file from the entirety of his tenure with DHL.  However, neither party presents evidence of just how long the entirety of Torrado's tenure is, and so I must conclude that fifteen years, from January 1, 1995 onwards, to be sufficiently broad to establish a pattern, should any exist, but sufficiently limited to prevent undue burden on the defendant.  Therefore, the plaintiff's motion to compel production of interrogatory No. 10 is GRANTED in part.

Interrogatory No. 9

> Identify any and all persons (other than Plaintiff) who, from January 1, 2000, to the present, have filed lawsuits, complaints, administrative charges, or claims of sexual harassment, sex discrimination and/or retaliation against you.

Under the geographic/temporal test, discussed *supra*, I am reducing the geography of interrogatory No. 9 to:  "persons at the San Juan station, from January 1, 2000 to the present."  Any broader range, and it would not only

CIVIL 09-1489 (FAB) (JA)                    15

become unjustifiably burdensome on the defendant, but unhelpful in establishing

any pattern that may exist in DHL's San Juan station.  Therefore, the plaintiff's

motion to compel production of interrogatory No. 9 is GRANTED in part.

Interrogatory No. 7

> Identify any and all persons who at any time were supervised by
> Arquímides Torrado throughout his tenure with you.

Based upon my previous discussion of an appropriate time-frame for

Torrado, I am similarly reducing the time-frame for interrogatory No. 7 to the last

fifteen years.  Therefore, plaintiff's motion to compel production of interrogatory

No. 7 is GRANTED in part.

Interrogatory No. 5

> Identify any and all persons employed by Defendant at its San Juan
> Station, during the period of January 2003, to the present.

Interrogatory No. 6

> For each employee identified in question five, please indicate the date
> of hire (and termination if no longer with the company) and if such
> employee had a complaint, grievance or claim against you.

As granted, the previous four motions render interrogatories Nos. 5 and 6

superfluous.    All information that could be gathered from production of

interrogatories Nos. 5 and 6 would be contained in interrogatories Nos. 7, 9, 10

and 19.  "[An] objection ... 'may be sustained if the interrogatory objected to is

adequately covered by other interrogatories.'"  <u>Aponte-Navedo v. Nalco Chem.</u>

CIVIL 09-1489 (FAB) (JA)                16

Co., 268 F.R.D. at 37 (quoting 8B The Late Charles Alan Wright, et al., Federal Practice and Procedure § 2174 (3d ed. 2002)).  Because the plaintiff stands nothing to lose in rejecting these interrogatories, and the defendant stands to gain only a headache, the plaintiff's requests for production of interrogatories Nos. 5 and 6 are DENIED.

Requests for Production of Documents

The plaintiff also requests document production from DHL.  The defendant's objections fall under three categories, addressed in turn:  (1) irrelevant and/or vague; (2) non-parties to the case; and (3) attorney client/work product privilege.

Irrelevant, Vague and/or Impermissibly Vague

Document Request No. 2:

> Any and all documents relating to or evidencing the dissemination or delivery of any of the policies identified in the foregoing request to Defendant's employees, including plaintiff.

(Docket No. 22-2, at 5.)

Defendant's Response:

> DHL objects to this request inasmuch as it is vague and impermissibly overbroad.

(Docket No. 22-3, at 2, Docket No. 22-4, at 2.)

A particularized showing is required to reflect that the information requested is in any way relevant.  See Aponte-Navedo v. Nalco Chem. Co., 268 F.R.D. at 37

CIVIL 09-1489 (FAB) (JA)                    17

(citing <u>Whittingham v. Amherst Coll.</u>, 164 F.R.D. at 127-28).  While at first blush this request seems exceedingly broad, this is because neither party educates the court about document production request number one, to which the second refers. Document production number one requests any DHL policies, manuals, or other literature pertaining to employee discipline, sexual harassment, or internal grievances.  Viewed through this lens, plaintiff's request becomes far more reasonable.  Therefore, the plaintiff's motion to compel production of document No. 2 is GRANTED.

Document Request No. 15:

> Any and all documents that support, evidence, relate or otherwise pertain to any lawsuits, complaints, charges or claims of sexual harassment, sex discrimination and/or retaliation made against Defendant (other than those filed by Plaintiff) from January 1, 2000, to the present.

(Docket No. 22-2, at 9.)

Defendant's Response:

> DHL objects to this request inasmuch as it is vague, impermissibly overbroad and the information sought is wholly irrelevant to the claims or defenses raised in the present complaint.

(Docket No. 22-3, at 3, Docket No. 22-4, at 2.)

This request is relevant to the case at hand.  The time frame is lengthy, but is reasonable considering the length of plaintiff's employment at DHL.  Therefore, plaintiff's motion to compel document No. 15 is GRANTED.

CIVIL 09-1489 (FAB) (JA)                18

Document Request No. 21:

> The job description for each and every position held by Plaintiff, since the date she was first hired until she was separated from employment.

(Docket No. 22-2, at 10.)

Defendant's Response:

> DHL objects to this request inasmuch as it is impermissibly overbroad and the information sought is wholly irrelevant to the claims or defenses raised in the present complaint.

(Docket No. 22-3, at 4, Docket No. 22-4, at 3.)

This request is relevant in terms of being able to compare the plaintiff to similarly situated personnel.  Therefore, the plaintiff's motion to compel production of document No. 21 is GRANTED.

Non-Parties to the Lawsuit

The next "category" of defendant's objections involve who it considers a non-party to this law suit, plaintiff's boss, Arquímedes Torrado, and thus within the bounds of "confidential" information.

Document 8:

> The complete personnel file of Arquímides Torrado ("Torrado"), including but not limited to, any documents, records, memoranda, notes, or computer printouts which were part of Torrado's personnel file at any time.

(Docket No. 22-2, at 8.)

CIVIL 09-1489 (FAB) (JA)                    19

Defendant's Response:

> DHL objects to this request inasmuch as the information sought is wholly irrelevant to the claims or defenses raised in the present complaint and seeks the production of confidential information from persons who are not parties in the above-captioned case.

(Docket No. 22-3, at 3, Docket No. 22-4, at 2.)

Document 9:

> Any and all documents not included in Torrado's personnel file which support, evidence, relate or otherwise pertain to Torrado's employment with Defendant, including, but not limited to, documents relating to or reflecting job performance, awards, or discipline of Torrado.

(Docket No. 22-2, at 8.)

Defendant's Response:

> DHL objects to this request inasmuch as the information sought is wholly irrelevant to the claims or defenses raised in the present complaint, is vague, impermissibly overbroad and seeks information protected from disclosure by the attorney-client privilege or the doctrine of attorney work-product.   DHL further objects to this request inasmuch as it seeks the production of confidential information from persons who are not parties in the above-captioned case.

(Docket No. 22-4.)

"In an employment action, personnel files are discoverable when the personnel file sought is that of an employee directly involved with the incident that gave rise to the action." Vazquez-Fernández v. Cambridge Coll., Inc., 269 F.R.D. at 159 (citing Moss v. Blue Cross Blue Shield of Kan., Inc., 241 F.R.D. 683, 698

CIVIL 09-1489 (FAB) (JA)                    20

(D. Kan. 2007)) ("[g]enerally an individual's personnel file is relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefore discoverable, if the individual is alleged to have engaged in the retaliation or discrimination at issue or to have played an important role in the decision or incident that gives rise to the law suit."). It is beyond dispute that Torrado played an important role in this case. As the plaintiff's sole supervisor during the duration of her ten-year career at DHL, and, from what the record reflects, the person responsible for terminating her, Torrado is a crucial player in this case. His personnel file, performance evaluations and instances of discipline may be relevant in establishing a pattern of behavior. Torrado is relevant to this case, as is his tenure at DHL. As such, his personnel file is relevant and must be turned over.

Attorney-Client Privilege and the Work-Product Doctrine

Finally, the defendant objects to several document requests on the grounds that they are protected by either attorney-client privilege or the work-product doctrine. DHL's objections to document requests Nos. 4, 9, 16, 17, 19 and 20 contain the same boilerplate language: "[plaintiff] seeks information protected from disclosure by the attorney-client privilege or the doctrine of attorney work-product." (Docket 22, at 5.) I address each defense in turn:

CIVIL 09-1489 (FAB) (JA)                    21

Work-Product Doctrine

"The attorney work-product privilege, first established in <u>Hickman v. Taylor</u>, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947), codified in Fed. R. Civ. P. R. 26(b)(3) for civil discovery, protects from disclosure materials prepared by attorneys 'in anticipation of litigation.'" <u>Maine v. United States Dep't of Interior</u>, 298 F.3d 60, 66 (1st Cir. 2002); see <u>Mullins v. Dep't of Labor of P.R.</u>, 269 F.R.D. 172, 174 (D.P.R. 2010).  Conceivable litigation is insufficient to invoke the work-product defense; rather, "the literal language of [Rule 26(b)(3)] protects materials *prepared for* any litigation or trial as long as they were prepared by or for a part to the subsequent litigation." <u>United States v. Textron Inc. & Subsidiaries</u>, 577 F.3d 21, 29 (1st Cir. 2009) (quoting <u>Fed. Trade Comm'n v. Grolier Inc.</u>, 462 U.S. 19, 25 (1983)).  Therefore, it is only work done in anticipation of, or in engaging in trial that is protected.  "Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for nonlitigation purposes are not under the qualified immunity provided by this subdivision." <u>United States v. Textron Inc. & Subsidiaries</u>, 577 F.3d at 30 (quoting Fed. R. Civ. P. 26 advisory committee's note (1970)).  The defendant makes no showing, nor proffers any evidence, that it created the requested documents in anticipation of litigation.  Absent some showing of proof, the defendant cannot avail itself of the work-product doctrine.

CIVIL 09-1489 (FAB) (JA)                    22

Attorney-Client Privilege

In its "Motion in Compliance with Court Order and in Opposition to Motion to Compel," the defendant refers all its oppositions to requests Nos. 4, 9, 16 and 17 to one paragraph.[1]   That cited paragraph reads: "[W]e provided plaintiff's counsel with the basis for asserting the [attorney-client] privilege, to wit, that 'the documents that are not discoverable are e-mails communications [sic] between counsel for DHL and Drew Dippolito and/or Greg Jones, and/or Arquímedes Torrado, and/or Paul Osburn regarding the re-classification of plaintiff's status from exempt to non-exempt.'"  (Docket No. 28, at 13 (citing Docket No. 26, Ex. 6.))  DHL alleges that it "fully complied with its obligations to provide information so as to establish the privilege.  Therefore, the burden is on the plaintiff to establish otherwise."  (Docket No. 28, at 13.)

The First Circuit has listed the essential elements of a claim of attorney client privilege.  They are:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communication relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

---

[1] See, for example, Docket No. 28, at page 10 ("With respect to the applicability of the attorney-client privilege, we respectfully refer this Honorable Court to the discussion under Requests 19 & 20 below.").

CIVIL 09-1489 (FAB) (JA)                    23

United States v. Bisanti, 414 F.3d 168, 171 (1st Cir. 2005) (quoting Cavallaro v. United States, 284 F.3d 236, 245 (1st Cir. 2002)); see also United States v. United Shoe Mach. Corp., 89 F. Supp. 357, 358-59 (D. Mass. 1950).

DHL's assertion of attorney-client privilege does not clear the *prima facie* hurdle that the First Circuit has set out.  No evidence is provided of any protected communications between the defendant and his counsel.   Nor is any such information requested.  The plaintiff takes care not to request information that would activate attorney-client privilege.[2]  The remaining requests under which the attorney-client privilege alleged, requests Nos. 9, 16, 17, 19 and 20, request only internal DHL documents.  Privilege will be denied if the communications requests were for any purpose other than rendering professional legal services.  8 The Late Charles Alan Wright, et al., Federal Practice and Procedure § 2017 (3d ed).  Nor is DHL's boilerplate assertion of attorney-client privilege sufficient to invoke protection.  8 The Late Charles Alan Wright, et al., Federal Practice and Procedure § 2016.1 (3d ed).  Therefore, plaintiff's motions to compel production of requests 4, 9, 16, 17, 19 and 20 are GRANTED.

_____

[2]See, for example, Docket No. 22, at 4 ("(j) documents relating to or evidencing discussions between the Defendant and *any person other than the Defendant's counsel*; (k) Documents received from or sent to *any person other than the Defendant's counsel*.") (emphasis added).

CIVIL 09-1489 (FAB) (JA)                    24

CONCLUSION

For the above-stated reasons, the plaintiff's motion to compel production of documents Nos. 4, 9, 16, 17, 19 and 20 are GRANTED.  The plaintiff's motion to compel completion of interrogatory No. 19 is GRANTED.  The plaintiff's motion to compel completion of interrogatories Nos. 7, 9 and 10 are GRANTED in part.  The plaintiff's motion to compel completion of interrogatories Nos. 5 and 6 are DENIED.

SO ORDERED.

At San Juan, Puerto Rico, this 14th day of January, 2011.

S/ JUSTO ARENAS
Chief United States Magistrate Judge